Mirash VUKEL, Petitioner,

v.

Peter D. KEISLER,* Respondent.

No. 06–3442–ag.

United States Court of Appeals, Second Circuit.

Oct. 4, 2007.

* Pursuant to Rule 43(c)(2) of the Federal Rules of Appellate Procedure, Acting Attorney General Peter D. Keisler is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Michael P. DiRaimondo, Marialaina L. Masi, Mary Elizabeth Delli–Pizzi, Stacy A. Huber, DiRaimondo & Masi, LLP, Melville, NY, for Petitioner.

Chuck Rosenberg, United States Attorney for the Eastern District of Virginia, Monika L. Moore and Catherine D. Wood, Assistant United States Attorneys, Alexandria, VA, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT D. SACK, Circuit Judges, Hon. NICHOLAS G. GARAUFIS, District Judge.**

## SUMMARY ORDER

Petitioner Mirash Vukel, at the time of his entry into the United States, a citizen of what was then Yugoslavia and an ethnic Albanian, petitions for review of a June 23, 2006 BIA decision that affirmed the December 16, 2004 decision of Immigration Judge Alan Vomacka, denying petitioner's application for CAT relief and motion to terminate proceedings. *In re Mirash Vukel,* No. A 18 709 922 (B.I.A. Jun. 23,

2006), *aff'g* No. A 18 709 922 (Immig. Ct. N.Y. City Dec. 16, 2004). We assume the parties' and counsel's familiarity with the facts and procedural history of this case, and the scope of the issues presented by this petition.

Vukel conceded at oral argument that our recent decision in *Maiwand v. Gonzales,* 501 F.3d 101, 105–07 (2d Cir.2007), forecloses his argument on appeal that he cannot be removed unless his refugee status is first terminated in accordance with 8 U.S.C. § 1157(c)(4).

With respect to Vukel's CAT claim, we are without jurisdiction to review the BIA's decision to the extent that Vukel "essentially disputes the correctness of an IJ's fact-finding." *Xiao Ji Chen v. Gonzales,* 471 F.3d 315, 329 (2d Cir.2006); *see also Maiwand,* 501 F.3d at 104–05. To the extent that Vukel challenges the IJ's application of facts to the standard of proof required under the CAT regulations, we find the challenge to be without merit.

As for Vukel's contention that the IJ erred in shifting the burden of production away from the government, we note that the district court's order does not explicitly require that the government produce anything, and in any event the record shows that the government did in fact produce documentary evidence of country conditions in this case.

With respect to Vukel's argument that his hearing violated due process, we are again without jurisdiction to hear his claim to the extent that it, in substance, "quarrels over the correctness of ... factual findings." *Xiao Ji Chen,* 471 F.3d at 329. We conclude that Vukel waived any objec-

** The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

tion to the two maps the IJ introduced into evidence at the hearing when counsel answered "No" to the question whether he had any objection to their admission. *See In re Mirash Vukel,* No. A 18 709 922 (Immig. Ct. N.Y. City Dec. 16, 2004), Tr. of Sept. 23, 2003 Hearing at 79. Moreover, Vukel does not challenge the accuracy of the maps. The IJ's use of the maps was "fundamentally fair, fairness in this context being closely related to the reliability and trustworthiness of the evidence." *Zerrei v. Gonzales,* 471 F.3d 342, 346 (2d Cir.2006) (citations and internal quotations omitted).

Finally, Vukel's contention that the IJ "took on the role as a prosecutor for the INS," in this case is meritless. The IJ may have played an active role in asking questions to develop the record, but there is no showing of bias or one-sidedness on the part of the IJ.

For the foregoing reasons, the petition for review of the order of the Board of Immigration Appeals is hereby DISMISSED in part and DENIED in part.